IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
DAVENPORT DIVISION

| | |
|---|---|
| CHELLY GRIFFITH, ) | |
| ) | NO. 3:04-cv-10072-REL-RAW |
| Plaintiff, ) | |
| ) | RULING ON PLAINTIFF'S |
| vs. ) | MOTIONS TO STAY PROCEEDINGS |
| ) | AND FOR FED. R. CIV. |
| THE PURDUE PHARMA COMPANY, ) | P. 56(f) CONTINUANCE |
| PURDUE PHARMA L.P., PURDUE ) | |
| PHARMA, INC., PURDUE ) | |
| FREDERICK COMPANY; THE P.F. ) | |
| LABORATORIES, INC., THE ) | |
| ABBOTT LABORATORIES; ABBOTT ) | |
| LABORATORIES, INC., and ) | |
| MALLINCKRODT, INC., ) | |
| ) | |
| Defendants. ) | |

The above resisted motions are before the Court following hearing (59 & 63). Having carefully considered the motion papers and the parties' arguments, the Court rules as follows.

This is one of over a hundred actions which have been filed in various jurisdictions involving the prescription analgesic OxyContin. This action was commenced in October 2003 in the United States District Court for the Southern District of Illinois and transferred to this Court on June 29, 2004. A scheduling order was entered and trial has been set for March 12, 2007. Discovery has been proceeding, on defendants' part devoted principally to the particularly complicated medical issues implicated by Ms. Griffith's very extensive medical history. On June 15, 2005 Abbott filed a motion for summary judgment. On June 21, 2005 a Petition

for Transfer Coordination and Consolidation was filed seeking the transfer of sixty federal OxyContin cases, including this one, for coordinated MDL proceedings.  By the present motions plaintiff seeks a stay of all proceedings in this case during the pendency of the MDL Petition before the Judicial Panel on Multi-District Litigation and a Fed. R. Civ. P. Rule 56(f) continuance of proceedings on Abbott's motion for summary judgment.

**Motion to Stay Proceedings**

It is evident the impetus for the stay motion is Abbott's motion for summary judgment.  Plaintiff argues a stay is appropriate because Abbott's motion presents a causation theory which cuts across all the OxyContin cases in which Abbott is involved, a theory which would benefit from the economies and efficiencies of MDL coordination.

Defendants resist noting that plaintiff has an extensive medical history which they are in the midstream of sorting out through discovery, the details of which may well be determinative of the plaintiff's case.  They argue a stay will only delay medical discovery without any countervailing benefit, and there is a substantial question about whether the MDL Petition will be granted.

Defendants have the better part of the argument on the stay motion.  Though the Court undoubtedly has the discretion to stay these proceedings, and by current count three of five courts

ruling on similar motions have done so,[1] the pendency of a transfer Petition "does not affect or suspend orders in pretrial proceedings in the district court in which the action is pending . . . ." J.P.M.L. Rule 1.5.  MDL transfer is not a sure thing.  In transferring the case to this Court, the transferor court noted that this case and others like it "will turn largely on the testimony of local medical providers."  Engle v. The Purdue Pharma Co., No. 03-710-GPM, Order (S.D. Ill. June 10, 2004).

More importantly, however, as noted this case has been pending for a lengthy period of time and discovery is fully engaged.  Experts have been disclosed.  The deposition process is underway and depositions are currently scheduled.  All of the medical discovery on which defendants are focusing will have to be done at some point.  The progression of this case is far enough along that a general stay of proceedings would result in a delay and loss of momentum without advancing the purposes served by the MDL process should the transfer Petition ultimately be granted.  The particular circumstances of this case, therefore, specifically the length of time it has been pending, the extensive medical discovery necessary, and the status of that discovery make it the better part of discretion to deny the stay.

---

[1] See Plaintiff's supplemental notice filed this date.

**Fed. R. Civ. P. 56(f) Continuance**

Abbott's summary judgment motion is based on lack of causation. See Foister v. Purdue Pharama, L.P., 295 F. Supp. 2d 693, 709 (E.D. Ky. 2003). Abbott had a very precise marketing program in which it made one-on-one calls to selected physicians. It evidently did not directly solicit any of plaintiff's physicians. Recognizing this, plaintiff's theories of causation against Abbott are (1) through its sponsorship of educational events, conferences and programs through which it allegedly conveyed misinformation to plaintiff's physicians concerning OxyContin; and (2) Abbott and Purdue were engaged in a joint venture or enterprise in marketing OxyContin so that Abbott would be liable for Purdue's representations. Prior to responding to the motion for summary judgment, plaintiff wants to take the depositions of her physicians to establish whether they attended the kind of programs in which they would have received information originating with Abbott. Plaintiff has tentatively set those depositions for the end of August. Plaintiff has also requested deposition and documents from Purdue in an effort to establish Abbott's right to control the use of its logo on OxyContin promotional materials and the OxyContin bottle. The requested Rule 56(f) continuance is to permit this discovery to occur.

Abbott responds that plaintiff has had an adequate opportunity to obtain discovery and has not, by only setting forth

the topics on which she wishes to conduct discovery, established a need for the requested discovery. Necessity is particularly lacking on the subject of the use of Abbott's logo in view of the written co-promotion agreement in which Abbott unambiguously authorized Purdue to use its logo.

The parties recognize Rule 56(f) requires the filing of an affidavit which shows "what specific facts further discovery might unveil." Stanback v. Best Diversified Products, Inc., 180 F.3d 903, 911 (8th Cir. 1999) (quoting Dulany v. Carnahan, 132 F.3d 1234, 1238 (8th Cir. 1997)). The rule is, however, to be applied with a "spirit of liberality." United States ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (quoting 10B C. Wright, A. Miller & M. Kane, Federal Practice and Procedure: Civil 3d § 2740 (1998)).

Though plaintiff may have had an opportunity to earlier seek discovery of the information she says she needs, the motion for summary judgment comes long before the expiration of the discovery deadline and as a result the Court cannot find plaintiff has been tardy. A party need not anticipate her opponent's early dispositive motion. Turning to the need for the discovery, apparently plaintiff does not know whether her physicians attended programs at which they might have received information from Abbott. She hopes to find out that they did. It is not clear to the Court that depositions are necessary, presumably plaintiff's counsel

could talk to her physicians to obtain the information. Though plaintiff's showing for a Rule 56(f) continuance on this subject is marginal, with physicians' depositions set, and extending some liberality to plaintiff, the Court will grant the motion on this score. In light of the co-promotion agreement, the Court is not convinced that discovery concerning Abbott's right to control its logo is necessary. The discovery on this subject seems to be very much a fishing expedition.

The Rule 56(f) motion will be granted to allow plaintiff until **September 12, 2005** to respond to Abbott's motion for summary judgment.

Though the Court has denied the Rule 56(f) motion on the Abbott logo ground, that should not be construed as a limitation on plaintiff's discovery. Consistent with the ruling on the stay motion all parties may proceed with discovery.

The motion for stay denied. Motion for continuance pursuant to Fed. R. Civ. P. 56(f) granted in part as above.

IT IS SO ORDERED.

Dated this 29th day of July, 2005.

ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE